IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

In re:                                          )        Case No. 23-13269 (AMC)
                                                )
TERRANCE MAURICE WEBSTER    )        Chapter 13
                                                )
                                                )
                                                )
                                                )        **OBJECTION TO CONFIRMATION**
                                                )
_____ )

Prestige Financial Services, Inc.  ("Prestige"), a secured creditor of the Debtor, objects to

the Debtor's Plan for the following reasons:

A.  The Debtor's proposed cramdown value of $15,000.00 for the

**2019 Mitsubishi Outlander** is too low.  The vehicle has a clean retail value of

$16,250.00 as per the NADA Official Used Car Guide, January 2024 edition. In

accordance with §506(a)(2), the replacement value of the vehicle is the full retail

value.  The Debtor must pay $16,250.00 plus interest, in order to adequately protect

Prestige for any risk of loss.

B.  The Plan as proposed also violates §1326(a)(1) since it does not provide for payment

to Prestige of adequate protection payments.  Adequate protection payments should

be made to Prestige beginning in November of 2023 at $203.00 per month, being

1.25% of the vehicle value.  Payments should be made within 30 days of filing and

should continue up to and after confirmation, until regular payments are to be

commenced through the Plan to Prestige.  Adequate protection payments to Prestige

should be given super priority administrative expense status and in all events must be

paid prior to payment of any counsel fees to Debtor's attorney.

C.  The vehicle must be insured with comprehensive and collision insurance coverage and liability coverage in accordance with the requirements contained in the contract. Prestige Financial Services must be listed as loss payee or additional insured. **The Debtor must provide Prestige with proof that the vehicle is insured in accordance with §1326(a)(4) and this portion of the objection to confirmation should be considered a demand that the Debtor provide proof of insurance**.

D.  Prestige must retain its lien on the vehicle until such time that the Debtor completes his Chapter 13 Plan *and* receives a discharge.

/s/ William E. Craig
William E. Craig, attorney for
Prestige Financial Services, Inc.

Dated: 1/12/24