IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| In re: TERRANCE MAURICE WEBSTER ) | |
|    **Debtor(s)** ) | |
| ) | CHAPTER 13 |
| PRESTIGE FINANCIAL SERVICES, INC. ) | |
|    **Moving Party** ) | Case No.: 23-13269 (AMC) |
| ) | |
| v. ) | |
| ) | |
| TERRANCE MAURICE WEBSTER ) | |
|    **Respondent(s)** ) | |
| ) | |
| KENNETH E. WEST ) | |
|    **Trustee** ) | |

**STIPULATION OF SETTLEMENT OF OBJECTION TO CONFIRMATION**

This matter having been brought before the Court on an Objection To Confirmation filed by William E. Craig, Esquire, attorney for Prestige Financial Services ("Prestige"), and the Debtor through his counsel, Michael Assad, Esquire and the parties having resolved said Objection as hereinafter set forth and by the agreement of all counsel the parties hereby stipulate;

**IT IS STIPULATED:**

1. That Prestige is the holder of a first purchase money security interest encumbering a 2019 Mitsubishi Outlander bearing vehicle identification number JA4AP3AU3KU033700.

2. That the Debtor agrees to pay Prestige the replacement value of the vehicle of $15,600.00 plus interest at the rate of 10.0% through his bankruptcy Plan.

3. That the Debtor agrees to allow the Chapter 13 Trustee to make an immediate lump sum adequate protection payment to Prestige in the amount of $1,280.00 through January 2024, and thereafter, each month, commencing February 2024, make monthly adequate protection payments to Prestige in the amount of $160.00 up to confirmation, until normal distributions begin to be paid to Prestige. Thereafter, the Trustee shall make the payments to Prestige as provided for by the confirmed Plan. The Debtor shall receive a credit for all adequate protection payments made against the total amount to be received by Prestige through the Plan.

4. That Prestige shall retain its lien on the vehicle until the earlier of payment of the underlying debt under non-bankruptcy law or the Debtor receiving a discharge.

5. That if the Debtor's Chapter 13 case dismisses or converts this Stipulation shall be vacated and the Debtor shall owe Prestige the full amount of the existing contractual loan balance **less** any payments Prestige receives under this agreement.

6. That the parties agree that a facsimile signature shall be considered an original signature.

We hereby agree to the form and entry of this Order:

/s/ Michael Assad
Michael Assad, Esquire
Attorney for the Debtor

/s/ William E. Craig
William E. Craig, Esquire
Attorney for Prestige Financial Services, Inc.

/s/ Jack Miller                *No Objection*
Jack Miller                    *Without Prejudice To Any Rights or Remedies*
For Chapter 13 Trustee